UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| KAYLA PYLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 4:22-cv-81 |
| | ) |
| AA HEATING, COOLING AND PLUMBING, INC. | ) |
| d/b/a RELIABLE COMFORT HVAC, | ) |
| | ) |
| Defendant. | ) |

### COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Kayla Pyle, brings this action against Defendant, AA Heating, Cooling and Plumbing, Inc. doing business as Reliable Comfort HVAC, for unlawfully violating her rights as protected by the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 et seq.

### PARTIES

2. At all times relevant to this action, Pyle resided within the Southern District of Indiana.

3. Defendant AA Heating, Cooling and Plumbing, Inc. ("Defendant" or "Reliable") is a corporation which does business within the Southern District of Indiana.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 42 U.S.C. § 12117.

5. Pyle was an "employee" as that term is defined by the ADA, 42 U.S.C. § 12111(4).

6. Defendant is an "employer" as that term is defined by the ADA, 42 U.S.C. § 12111(5)(A).

7. Pyle exhausted her administrative remedies by filing a charge numbered 470-2022-00753 with the U.S. Equal Employment Opportunity Commission against Defendant, and receiving the appropriate notice of suit rights.  Pyle files the instant matter within ninety (90) days of receipt of said notice.

8. All of the events, transactions, and occurrences pertinent to this lawsuit have occurred within the geographical environs of the Southern District of Indiana and all parties are located therein.  Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

9. Plaintiff Kayla Pyle was hired by Defendant as a customer service representative ("CSR") beginning on or about November 30, 2020.

10. Pyle's work performance met or exceeded the Defendant's legitimate expectations at all relevant times.

11. Pyle is a qualified individual with a disability as that term is defined by the ADA, 42 U.S.C. § 12102 and 12111(8).

12. Pyle suffers from physical impairments which substantially limit one or more of her major life activities, including but not limited to eating, and affect her musculo-skeletal function.

13. Pyle suffers from mental impairments which substantially limit one or more of her major life activities, including but not limited to concentrating, and affect her brain function.

14. Pyle's impairments are not transitory or minor, and have lasted longer than six months.

15. Pyle notified her supervisor and office manager at Defendant, Ashley Hutchinson and Lisa Acton, respectively, of her disabilities and need for accommodation.

16. Pyle requested reasonable accommodations for her disabilities, including time off to seek medical treatment.

17. Pyle's requests constitute protected activity under the ADA.

18. Defendant never gave Pyle a raise in pay during the time she worked for it.

19. From February 1 to April 27, 2021, Pyle went to the Emergency Room due to her disabilities six times. She was able to return to work following each episode.

20. Upon her return from an emergency room visit, Hutchinson told Pyle, "I'm not very happy with you."

21. On or about May 20, 2021, Hutchinson and Defendant's Human Resources Representative Alisha Raulerson called Pyle to a meeting in Raulerson's office. Hutchinson asked her if her attendance was going to get better, and told her that she couldn't fire her, as there's too much going on. A short time later, Hutchinson told Pyle not to contact Raulerson.

22. On or about May 26, 2021 Hutchinson told Pyle that her dresses were too short, and that her boss would say "nobody wants to see that", even though Pyle dresses conservatively. Pyle complained to Hutchinson that she was being retaliated against for taking time off due to her disabilities.

23. On June 21, 2021 Defendant gave Pyle a written warning for attendance and required here thereafter to have a doctor's note for any day late or missed.

24. Defendant held Pyle to higher attendance standards than similarly-situated non-disabled employees and employees who had not engaged in protected activity. Non-disabled CSRs have taken weeks off with no questions asked.

25. As a result of retaliation due to Pyle's requests for accommodation, her disabilities were exacerbated and she sought treatment therefore. She informed HR that she suffered from these disabilities and needed time off to treat them.

26. In August, 2021, Pyle told Hutchinson that she would need to take time off three months later for surgery to treat one of her disabilities. Hutchinson told her that Defendant would probably terminate her.

27. On or about August 17, 2021, Hutchinson told Pyle that she was "emotionally unstable," and that was why she never received her 90-day review.

28. On August 20, 2021, Defendant terminated Pyle, purportedly for attendance.

29. Similarly-situated employees who neither suffered from disabilities nor were regarded as disabled, and/or employees who had not engaged in protected activity have been treated more favorably than Pyle in pay, the terms and conditions of employment and discipline.

30. Pyle has been harmed by Defendant's unlawful actions, including but not limited to, financial loss, embarrassment, humiliation, and emotional distress.

## **LEGAL ALLEGATIONS**
**Violations of the Americans with Disabilities Act**

31. Plaintiff hereby incorporates paragraphs one (1) through thirty (30) of her Complaint.

32. Defendant unlawfully terminated Pyle because of Pyle's disability, because it

regarded Pyle as disabled, and/or in retaliation for Pyle's requests for accommodation and/or complaints of discrimination and retaliation.

33. Defendant's stated reasons for terminating Pyle are pretextual.

34. Defendant's discrimination against Pyle was done in reckless disregard for Pyle's federally protected rights.

35. Actions of Defendant caused Pyle both emotional and economic harm.

36. Intentional and unlawful employment actions of Defendant have violated Plaintiff's rights as they are protected by the Americans with Disabilities Act (ADA), as amended 42 U.S.C. § 12101 et seq.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Kayla Pyle, respectfully requests that this Court enter judgment in her favor and provide her the following relief:

1. Reinstatement to her prior position, salary, seniority, and benefits, or pay front pay in lieu of reinstatement;

2. Enjoin Defendants from future violations of the ADA;

3. All lost wages, benefits, compensation, and monetary loss suffered as a result of Defendants' unlawful actions;

4. Compensatory, consequential, and punitive damages;

5. All attorneys' fees, litigation expenses, and costs incurred as a result of bringing this action;

6. Pre- and post-judgment interest on all sums recoverable; and

7. All other legal and/or equitable relief to which she is entitled.

Respectfully submitted,


John H. Haskin (7576-49)
Paul A. Logan (17661-02)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, IN 46204
Telephone:   (317) 955-9500
Facsimile:    (317) 955-2570
E-Mail:         jhaskin@jhaskinlaw.com
E-Mail:         plogan@jhaskinlaw.com
Attorneys for Plaintiff


## **DEMAND FOR JURY TRIAL**

Comes now the Plaintiff, Kayla Pyle, by counsel, and demands a trial by jury on all issues deemed so triable.

Respectfully submitted,


John H. Haskin (7576-49)
Paul A. Logan (17661-02)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, IN 46204
Telephone:   (317) 955-9500
Facsimile:    (317) 955-2570
E-Mail:         jhaskin@jhaskinlaw.com
E-Mail:         plogan@jhaskinlaw.com
Attorneys for Plaintiff